Mr. Justice Tkaches
delivered the opinion of the court.
This is an appeal from an interlocutory decree of the chancellor.
The bill of the appellant, as it appears in the record, sets forth that upon the 25th day of March 1843, John S. Brien executed a deed of trust to the appellant upon certain slaves, among which were three, called Nat, Israel and Jerry, to secure the payment of a debt of $6628 94, due by Brien to Kirkman, Abernathy and Hanna, and that the deed was duly recorded in Warren county where the slaves were at the time of the execution of the deed, and also that upon the removal of the slaves into Hinds county, the deed was duly recorded there in January, 1843. The bill further sets forth that at the date of the said deed of trust, there existed a judgment of the circuit court of Warren county in favor of the appellee and against Brien for $676 94, with interest from the 3d day of May, 1842; that upon this judgment an execution was issued into Hinds county, and levied upon the slaves Jerry and Israel, above mentioned, whereupon Brien executed a forthcoming bond with sureties, *796 which became forfeited on the 17th day of October, 1842; and that an execution growing out of the judgment upon the forthcoming bond had been levied upon the slaves Nat and Jerry above mentioned. The bill prays for an injunction against the sale of the said slaves under said execution. Upon a motion to dissolve the injunction for want of equity upon the face of the bill, the chancellor decreed that the injunction be dissolved as to the slave Jerry, and retained as to the slave Nat.
From an inspection of the bill and comparison with the deed of trust, it is manifest that there is some mistake in regard to the date of the execution of the deed. The deed seems to have been received for record in Warren county upon the 26th day of March, 1842. There is internal evidence in the deed that it could not have been executed as late as March 25th, 1843. But again, the bill charges that the judgment against Brien in the circuit court existed at the time of the execution of the deed, while the actual date of the judgment is arrived at by counsel in arguing the case only from the inference of the time at which its interest commenced to run. Steps will probably be taken in the progress of the case below to reconcile or correct the inconsistences that seem to subsist at its present stage. The record is, however, in sufficiently perfect shape to bring up what appears to be the prominent point at issue now presented. In reference to an incidental question arising from the alleged circumstance that the appellee had omitted to record his judgment or an abstract of it in Hinds county in accordance with the statute of 1841, it is enough to observe that the claim of the appellee is based upon an execution lien, and not upon the judgment lien. But if the judgment lien had already inured upon the slaves in Warren county, then their removal into Hinds county by the defendant in the judgment, could not defeat that lien, but this is upon the ground of the ignorance of the plaintiff of such removal, and upon the ground that such removal by a judgment debtor is a fraud upon his judgment creditor.
The main question in this case, however, is, when did the lien of the appellee date, and does it date from the forfeiture of the forthcoming bond 1 This question has already been ad *797 judicated in this court. In the case of Archibald and Agnes Clark v. Anderson, 2 How. 852, the court say, “ the forthcoming bond after forfeiture becomes by operation of law, a judgment, and as the law will not permit two judgments to exist at the same time against the same person for the same debt, this judgment, by operation of law, necessarily extinguishes the former.” With the extinguishment of the judgment, it as necessarily follows that all liens created by that judgment are extinguished with it.
The decree of the chancellor must therefore be reversed, and an order made re-instating the injunction in its original eifect to abide the final decree in the cause, and the case remanded for further proceedings.